1

2

3

4

5

6                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8    GODOX PHOTO EQUIPMENT CO. LTD.,          CASE NO. C25-0502-KKE

9                           Plaintiff(s),     ORDER DENYING PLAINTIFF'S
                                              MOTION FOR PRELIMINARY
           v.                                 INJUNCTION
10
     PROFOTO AKTIEBOLAG,
11
                            Defendant(s).
12

13          Defendant Profoto Aktiebolag ("Profoto") owns U.S. Patent No. 11,630,375 ("'375

14   Patent").  Dkt. No. 1-2.  Plaintiff Godox Photo Equipment Co. Ltd. ("Godox") produces

15   photographic equipment and lighting technology, which it sells through distributors and resellers,

16   including through Amazon.com's online platform.  Dkt. No. 1 at ¶¶ 3, 15.  Godox alleges that

17   Profoto improperly issued cease-and-desist letters to its distributors and sent infringement notices

18   to Amazon, claiming that certain Godox products infringe the '375 Patent.  *Id.* ¶¶ 15–44.  Godox

19   claims that Profoto's actions harmed its relationship with its distributors and customers, and

20   resulted in the removal of several Godox products from Amazon's storefront.  *Id.* ¶ 25, Dkt. No.

21   24 at 11.

22          Godox seeks a preliminary injunction ordering Profoto to retract its infringement notices

23   and delisting requests to Amazon and Plaintiff's distributors and resellers.  Dkt. Nos. 24, 24-1.

24   Godox also asks the Court to enjoin Profoto from issuing any infringement notices or complaints

involving Godox's accused products. *Id.* The Court held oral argument on Godox's motion on July 10, 2025. Dkt. No. 45.

For the reasons explained further below, the Court denies Godox's motion for preliminary injunction without prejudice because it has not carried its burden to show a likelihood of success on the merits. In particular, Godox has not shown that Profoto likely acted in bad faith and that its accused products likely do not infringe Profoto's patent.

## I.    BACKGROUND

### A.    Factual Background

Godox is a Chinese company that produces photographic equipment for photographers, videographers, and filmmakers. Dkt. No. 1 ¶¶ 1, 45. Profoto is a Swedish company and assignee and owner of the '375 Patent. *Id.* ¶¶ 46–47.

The parties' dispute dates to November 2019, when Profoto first sent Godox an infringement notice in China, alleging infringement of CN201821523510.7, a Chinese counterpart to the '375 Patent. *See* Dkt. No. 7-3 ¶ 13. In August 2020, CN201821523510.7 was declared invalid by China's State Intellectual Property Office. *Id.* ¶¶ 6–7. Profoto sued Godox again in China in November 2023, alleging infringement of another Chinese counterpart to the '375 Patent (CN201811086537.9). *Id.* ¶ 14. CN201811086537.9 was also declared invalid, and Profoto withdrew its lawsuit. *Id.* ¶¶ 8–11, 15; Dkt. No. 28-1.

In April 2023, the U.S. Patent Trademark office ("USPTO") issued the '375 Patent to Profoto. Dkt. No. 1-2.

In early 2024, Godox noticed "isolated takedown incidents" in which Godox products were removed from the Amazon storefront for infringement of the '375 Patent. Dkt. No. 24 at 7, Dkt. No. 7-2 ¶ 7. Godox contacted Profoto, arguing that its products did not infringe Profoto's '375 Patent. Dkt. No. 7-9. In a letter dated April 12, 2024, Profoto threatened to file suit against Godox

unless Godox "immediately ceases and desists its infringement and provides [Profoto] with written confirmation … within 14 days[.]"  Dkt. No. 7-10 at 3.

Throughout summer 2024, Godox's distributors notified Godox that Profoto sent them infringement notices and cease-and-desist letters.  Dkt. No. 7-3 ¶ 7.  In October 2024, Profoto first initiated an Amazon Patent Evaluation Express Procedure ("APEX") against a Godox distributor. *Id.* ¶ 20.  The APEX proceeding allows participating patent owners to notify Amazon about listed products that potentially infringe on their patents, after which Amazon contacts the accused sellers and asks whether they would like to opt in or out of the APEX program.  Dkt. No. 38 ¶ 17.  If the seller opts out, then the accused product listings (identified by Amazon Standard Identification Numbers, known as "ASINs") are removed.  *Id.*  If the seller opts in, the challenged ASINs remain on Amazon's storefront unless Amazon's neutral evaluator finds likely infringement.  *Id.*  Several Godox distributors opted into the APEX proceeding, and Amazon's evaluator began reviewing the accused products for infringement of the '375 Patent.  *Id.* ¶ 8.

In November 2024, a third party requested an *ex parte* reexamination of the '375 Patent, and the USPTO granted the request.  Dkt. No. 7-13 at 1.

The first APEX proceeding against a Godox distributor concluded on January 24, 2025. Dkt. No. 37-5.  Amazon's neutral evaluator concluded that Profoto "is likely to be able to prove that [certain Godox products listed on Amazon] fall within the scope of [the '375 Patent]."  *Id.* at 2 (identifying 17 ASINs).  Accordingly, those ASINs were removed from Amazon's storefront. *Id.*

On February 14, 2025, Profoto submitted two additional APEX requests based on infringement of the '375 Patent, targeting Godox's V1, V100, and AK-R1 products.  Dkt. Nos. 37-6, 37-7.  Later that month, Profoto resubmitted an APEX request involving the ASINs related to the V1 and V100 products.  Dkt. No. 37 ¶ 16.  By March 2025, Amazon informed Profoto that it

had been notified of this litigation regarding the '375 Patent, and thus, decided to pause the additional APEX proceedings until the Court's disposition. Dkt. No. 37-8 at 2.

During the briefing on Godox's motion for preliminary injunction, the USPTO released a non-final decision on the *ex parte* reexamination request of the '375 Patent first initiated in November 2024. Dkt. No. 40-1. In this June 9, 2025 decision, the USPTO rejected all 24 claims of the '375 Patent as anticipated and obvious. *Id.* at 4. Profoto has until August 9, 2025 to respond before the USPTO finalizes the examination and decides whether to cancel the '375 Patent. *Id.*

**B.    Procedural History**

Godox filed the complaint on March 20, 2025, seeking a declaration of non-infringement of the '375 Patent and alleging tortious interference with prospective business expectancy under Washington law. Dkt. No. 1. On May 5, 2025, Godox moved for an *ex parte* temporary restraining order requiring Profoto to immediately retract its Amazon infringement notices directed at Godox's distributors and resellers. Dkt. No. 7. Profoto appeared in the case a day later and filed a notice of intent to oppose the motion. Dkt. Nos. 8, 9. After Profoto substantively responded to Godox's motion, the Court denied the motion without prejudice. Dkt. No. 13. The Court explained that Godox failed to establish the requisite irreparable harm to justify emergency injunctive relief. *Id.* In the order, the Court denied Godox's motion for expedited discovery and granted its motion for alternative service. *Id.* at 4.

On May 28, 2025, Godox moved for a preliminary injunction. Dkt. Nos. 24, 26. After briefing was complete, the Court held a hearing on July 10, 2025. Dkt. Nos. 36, 39, 45. During the motion's pendency, Profoto filed an answer to the complaint and asserted counterclaims, alleging that Godox's products directly and indirectly infringe the '375 Patent. Dkt. No. 35 at 7– 9. The day before the July 10, 2025 preliminary injunction hearing, Godox filed its answer to

Profoto's counterclaims and asserted two counter-counterclaims, seeking declarations of unenforceability and invalidity of the '375 Patent.  Dkt. No. 43 at 30–36.

After the hearing, the Court granted Godox's request to provide supplemental briefing on the issue of whether Godox is required to demonstrate that Profoto acted in bad faith in order to obtain a preliminary injunction restricting Profoto's communication of its patent rights and/or to show likelihood of success on the merits of its state law tort claim.  Dkt. No. 46.  Godox provided supplemental briefing, and further revised its proposed order for a preliminary injunction to reduce the scope of its requested relief.  Dkt. No. 48.  In its filing, Godox argued that the Court should consider the new "narrowly tailored [proposed preliminary injunction] order" which was submitted "in deference to" the Court's concerns regarding bad faith.  Dkt. No. 48 at 6, 7.  Profoto also provided supplemental briefing and responded to Godox's amended proposed order, asserting that the Court should strike or disregard Godox's briefing as outside the scope of the Court's order allowing supplemental briefing.  Dkt. No. 50 at 6–7.  Profoto also argued that even if the Court considered the amended proposed order, Godox's motion would still fail.  *Id.* at 7.

## II.    LEGAL STANDARDS

### A.    Preliminary Injunction

To obtain a preliminary injunction, Godox must show that (1) it is "likely to succeed on the merits," (2) it is "likely to suffer irreparable harm in the absence of preliminary relief," (3) the "balance of equities tips in [its] favor," and (4) "an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "The burden is always on the movant to show that it is likely to succeed on the merits."  *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022); *NOSSK, Inc. v. Fitness Anywhere LLC*, No. 21-cv-08914-BLF, 2022 WL 1093662, at *3 (N.D. Cal. Apr. 12, 2022).  Therefore, Godox must show likelihood of success on the merits that its products do not infringe the '375 Patent and that Profoto tortiously interfered

with its business expectancy with Amazon. *NOSSK*, 2022 WL 1093662, at *4. If Godox can make such a showing, the burden shifts to Profoto to raise a substantial question concerning Godox's case for non-infringement. *Id.*; *see Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001)). Godox must then show that Profoto's defense "lacks substantial merit." *NOSSK*, 2022 WL 1093662, at *4.

Godox asks the Court to enjoin Profoto from issuing additional infringement notices and to retract the notices already sent. Dkt. No. 1 at 17–18. Thus, Godox seeks both prohibitionary and mandatory relief. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) ("A mandatory injunction orders a responsible party to take action." (cleaned up)). "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" *Doe v. Snyder*, 28 F.4th 103, 106 (9th Cir. 2022) (quoting *Marlyn*, 571 F.3d at 879); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011).

**B.    Patent Non-Infringement**

Federal Circuit precedent governs "considerations specific to patent issues." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998). Thus, the Court applies Federal Circuit law in deciding the issue of Godox's likelihood of success on the merits of its non-infringement claim and claim for tortious interference with business expectancy. *See id.*; *Revision Mil., Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 526 (Fed. Cir. 2012).

To analyze the non-infringement claim, the Court must go through a two-step process: (1) claim construction, in which the Court construes the patent claims to determine their scope and meaning, and (2) comparison between the properly construed claims and the accused product. *Myco Indus., Inc. v. BlephEx, LLC*, 955 F.3d 1, 13–14 (Fed. Cir. 2020) (reversing district court's

award of preliminary injunction because its claim construction analysis was faulty); *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993) (explaining two-step analysis). At this early phase, the Court "does not have to conduct a comprehensive and final claim construction[.]" *Shuffle Master, Inc. v. VendingData Corp.*, 163 F. App'x 864, 867 (Fed. Cir. 2005). However, if the question of prevailing on the merits "turns on a contested issue of claim construction, the court must give the claim construction issue the attention necessary to determine the likelihood of success." *Id.* at 868.

## C.    Bad Faith Requirement

Godox's state-law claims for tortious interference with prospective business expectancy are based on Profoto's submission of infringement notices and complaints to Amazon and Godox's distributors, and Profoto's prosecution of the subsequent APEX proceedings before Amazon. Dkt. No. 1 at 17. "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004) (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)). In other words, to show likelihood of success on its tortious interference claim, Godox must show that Profoto likely acted in bad faith when it sent infringement notices to Amazon and Godox's distributors even though bad faith is not otherwise an element of this state-law claim. *Id.*

Godox must also show bad faith to obtain an injunction on its federal claim of non-infringement. "This requirement of a showing of bad faith as prerequisite to applying state tort law to speech about infringement rests partly on First Amendment principles." *Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 60 F.4th 1335, 1343 (Fed. Cir. 2023). "The First Amendment principles are particularly significant when an injunction against speech is at issue." *Id.* Therefore, because Godox's request for injunctive relief on its non-infringement claim implicates Profoto's

communications asserting infringement of its patent, in order to prevail, Godox must demonstrate Profoto's bad faith in support of this claim as well.  *See Myco*, 955 F.3d at 10–11; *Mikohn Gaming*, 165 F.3d at 898 (vacating injunction because there was a "negligible likelihood of success in showing bad faith"); *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 709–10 (Fed. Cir. 1992), *abrogated on other grounds by Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 581 U.S. 360 (2017).

## III.    ANALYSIS

### A.    The Court Has Jurisdiction.

The Court possesses subject matter jurisdiction under 28 U.S.C. § 1331 because Godox asserts federal patent claims.  The Court also has supplemental jurisdiction over Godox's Washington state law tort claim because it forms "part of the same case or controversy" as the federal patent claims.  28 U.S.C. § 1367(a).

As for personal jurisdiction, Profoto has withdrawn its previous objection and submits to this Court's specific jurisdiction.  Dkt. No. 36 at 6 n.1.  Indeed, the Court has specific jurisdiction over Profoto because (1) Godox's claim arises under federal law, (2) Profoto is not subject to general jurisdiction in any forum in the United States, and (3) the exercise of jurisdiction over Profoto comports with due process.  *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1299 (Fed. Cir. 2009) (applying the five due process factors under *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), to a foreign defendant).

### B.    Godox Fails to Show a Likelihood of Success on the Merits.

1.  <u>Bad faith is a prerequisite to Godox's preliminary injunction request and state-law claim.</u>

To obtain a preliminary injunction, Godox must demonstrate that Profoto acted in bad faith in sending cease-and-desist letters to Godox's distributors and infringement notices to Amazon. As noted above, this showing is required to establish that Godox's state-law claim is not preempted

by federal law and because Godox seeks injunctive relief that implicates Profoto's First Amendment rights.  *See Globetrotter*, 362 F.3d at 1374; *Myco*, 955 F.3d at 10–11.

When confronted with this authority at the hearing, Godox rightly recognized in its supplemental brief that bad faith is an essential element to the relief requested on both of its claims. Dkt. No 48 at 3.  But Godox did not plead or provide any evidence of bad faith.  To get around this problem, in its supplemental brief, Godox amends its requested injunction via a revised proposed order.  Dkt. No. 48-1.  Specifically, Godox's amended proposed order abandons its prior request to prevent Profoto from sending additional infringement notices, and instead asks the Court to require Profoto to also send a copy of this Court's order (presumably granting a declaratory judgment in Godox's favor) along with every infringement notice.  *Id.* at 2.  As detailed below, Godox's amended request for relief does not resolve the fatal flaws in its motion.

Although Godox characterizes its amended order as a "narrow" request for relief, it still seeks to *compel* speech by forcing Profoto to send a court order to third parties without the requisite showing of bad faith.  *Bee Warehouse, LLC v. Blazer*, 671 F. Supp. 3d 1347, 1354 (N.D. Ala. 2023) (finding a case "atypical" and denying request for injunctive relief because plaintiff asked the court to "restrict and compel speech" without a showing of bad faith).  Godox does not explain how its revised request constitutes compelled speech any less than its original proposed order. Instead, Godox relies on *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626 (1985), to argue that Godox's amended proposed relief "takes the form of a narrowly tailored corrective disclosure" and constitutes commercial speech.  Dkt. No. 48 at 6.  In Godox's view, its new request for relief is subject to a deferential standard, and a showing of bad faith is not required.  *Id.*

Godox's argument is unpersuasive, and its cited authority inapposite.  *Zauderer* clarified the bounds of commercial speech by addressing whether an attorney may be disciplined for

soliciting legal business through printed advertising containing nondeceptive information or illustrations.  471 U.S. at 637.  It did not discuss the value of a patentee's right to enforce its patent and to notify alleged infringers, let alone consider extending this deferential standard to communications involving patent infringement.  In fact, the *Zauderer* Court noted that "[i]n some instances compulsion to speak may be as violative of the First Amendment as prohibitions on speech."  *Id.* at 650.  "[I]nvoluntary affirmation could be commanded only on even more immediate and urgent grounds than silence."  *Id.* (quoting *W. Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 633 (1943)).  Godox's other cited authority is likewise inapposite because it does not apply the standard of review for commercial speech to the patent context.  *See, e.g.*, *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107 (9th Cir. 2021) (finding a product review constituted commercial speech); *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024) (examining First Amendment challenges to Florida and Texas laws that regulated social media platforms); *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755 (2018) (examining a challenge to a California law requiring licensed pregnancy-related clinics to disseminate notices stating the existence of publicly funded family-planning services that included abortions).

It goes without saying that Profoto holds commercial motivations for alleging infringement.  But Profoto's economic incentives do not change the rule that a patentee's communications enforcing its patent rights may only be enjoined upon a showing of bad faith.  *See Mallinckrodt*, 976 F.2d at 710 ("Although Medipart argues that Mallinckrodt is motivated by its commercial interest … and we have no doubt that all these parties' motivations are commercial, Mallinckrodt's position that infringement exists was not asserted to be in bad faith.").  Therefore, to decide whether a preliminary injunction should issue here, the Court must consider whether Godox has shown that Profoto acted in bad faith.

2. <u>Godox has not shown bad faith.</u>

To show bad faith, a plaintiff must establish that the assertion of infringement was both (1) "objectively baseless" and (2) made in "subjective bad faith." *Globetrotter*, 362 F.3d at 1375–76. Objective baselessness means that no reasonable litigant could realistically expect to prevail in a dispute over infringement of the patent. *Judkins v. HT Window Fashion Corp.*, 529 F.3d 1334, 1338 (Fed. Cir. 2008). Subjective bad faith looks to "whether the baseless lawsuit conceals 'an attempt to interfere directly with the business relationships of a competitor.'" *Nuance Commc'ns, Inc. v. MModal LLC*, No. 17-1484-MN-SRF, 2018 WL 6804488, at *3 (D. Del. Dec. 27, 2018) (quoting *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993)), *report and recommendation adopted*, No. 17-1484 (MN), 2019 WL 181322 (D. Del. Jan. 11, 2019). If the plaintiff fails to satisfy the objective prong, then the Court's analysis may end there. *Globetrotter*, 362 F.3d at 1376 n.8 ("Only if the challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.") (quoting *Prof'l Real Estate Invs.*, 508 U.S. at 60); *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1375 (Fed. Cir. 2007) ("Subjective considerations of bad faith are irrelevant if the assertions are not objectively baseless.").

Based on the evidentiary record before the Court, Godox has not shown that Profoto's infringement allegations were objectively baseless. Godox implies that Profoto knew that the '375 Patent was vulnerable because its Chinese counterparts have been invalidated. Dkt. No. 24 at 7, 21 n.4. But the Chinese infringement actions arose in a different language and legal system. Therefore, this fact is irrelevant to the Court's analysis. *See Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1458 n.2 (Fed. Cir. 1984); *see also* Dkt. No. 51 at 41–42 ("[T]he Chinese patents are not the basis of Profoto's letters to the resellers. The Chinese patents are not the basis of the APEX proceedings. The U.S. patent is."). Other facts also weigh against a finding of bad faith. While not dispositive, after the first APEX proceeding, Amazon's

patent evaluator found in favor of Profoto. Dkt. No. 37-5. Additionally, Profoto began sending cease-and-desist letters to Godox's distributors in early 2024, months before the USPTO granted an *ex parte* request for reexamination. Dkt. No. 24 at 7, Dkt. No. 7-2 ¶ 7. And though Profoto initiated other APEX proceedings after the USPTO began its reexamination, it only did so after the first APEX proceeding was resolved in its favor. Dkt. Nos. 37-6, 37-7. The January 2025 APEX decision that some of Godox's products likely infringed the '375 Patent would have bolstered a reasonable litigant's belief that the '375 Patent was valid and enforceable. *Bee Warehouse*, 671 F. Supp. 3d at 1365 (discussing Amazon's APEX process in the context of objective bad faith).

Therefore, on the record currently before the Court, and without an evidentiary hearing or complete claim construction of the '375 Patent, the Court cannot find that Profoto's infringement allegations were objectively baseless. Because Godox fails to meet this threshold, the Court need not analyze whether Profoto acted in subjective bad faith. *GP Indus.*, 500 F.3d at 1375. As a result, Godox fails to demonstrate a likelihood of success on the merits as to its tortious interference claim or to show entitlement to an injunction restricting (or compelling) Profoto's patent communications.

3.  Godox has not shown that its products likely do not infringe the '375 Patent.

Similarly, Godox fails to demonstrate likelihood of success on the merits of its non-infringement claim because Godox does not provide an adequate basis for the Court to construe the claims and compare its accused products to the '375 Patent. Godox does not dispute that claim construction is necessary, and rather, claims that it "spent several pages explaining claim construction principles[.]" Dkt. No. 39 at 13. However, the record is insufficient at this stage to carry Godox's burden.

First, Godox fails to offer terms for construction or "attribute any meaning to the terms of the claim" so that the Court can understand Godox's claim construction position—the necessary first step to the Court's infringement analysis. *Millipore Corp. v. W.L. Gore & Assocs., Inc.*, No. 11-1453 (ES), 2011 WL 5513193, at *8–11 (D.N.J. Nov. 9, 2011). Here, Godox argues that the following claims from the '375 Patent are missing from its products: "fastening element[,]" "flash forming element[,]" "lens element[,]" "flash housing fastening element[,]" "ferromagnetic material[,]" and "lens element" with "substantially circular cross-section". Dkt. No. 24 at 13–18, Dkt. No. 24-1 at 2–3 (proposed preliminary injunction order). Godox argues that the "plain and ordinary meaning" of these claims should be applied here, and therefore, that specific construction is unnecessary. Dkt. No. 39 at 14. For example, Godox asserts, without explanation, that the H200R products do not include a "lens element." Dkt. No. 24 at 14. It provides a deconstructed view of the H200R product, which includes a "diffuser[.]" *Id.* Godox does not explain why the component it identifies as a "diffuser" does not fall within the scope of the meaning of "lens element[.]" *Id.* The patent specification states that the lens element is "arranged to let at least part of the generated flash out of the flash housing so as to obtain a flash light[.]" Dkt. No. 1-2 at 16. The patent specification also requires the flash light shaping tool to be arranged so that "a part of the beam lobe emit[s] through the lens element." *Id.* at 12. But it is unclear, based on this record, whether the "lens element" means a completely transparent surface, or can include opaque or semi-transparent components that change the light. This is but one of many issues that need further development before the Court can adjudicate the infringement claims.

To be clear, Godox's reliance on a "plain and ordinary meaning" of the terms is not in itself problematic. That said, the standard is the plain and ordinary meaning as understood by one of ordinary skill in the art. *Dow Chem. Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1372–73 (Fed. Cir. 2001). Expert testimony is not always required, but the Court requires "technological and

temporal context to enable the court to ascertain the meaning of the claim to one of ordinary skill in the art at the time of invention." *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1310 (Fed. Cir. 2005). Here, the '375 Patent describes the technical field as relating to the photography field. Dkt. No. 1-2 at 11.

The Federal Circuit has recognized that "[i]n some cases, the ordinary meaning of claim language … may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). However, in many cases, the meaning of a claim term as understood by persons of skill in the art is not readily apparent. *Id.*; *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) ("A determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute."). Here, while not all the terms used are highly technical or complex, the Court nonetheless finds that further context is needed to understand what a person with ordinary skill in the art would understand these terms to mean.

Godox points out that Profoto likewise does not identify any term that requires a specific construction other than plain and ordinary meaning. Dkt. No. 39 at 14. But it is Godox's burden to show a likelihood of success on the merits, and that "the facts and law clearly favor" it. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). Therefore, this lack of analysis of the patent specification and meanings of the claim terms weighs against issuing an injunction. *See, e.g.*, *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1308 (W.D. Wash. 2006) (denying a preliminary injunction motion where movant "provided the court with no legal argument or analysis on which to base a

decision on claim construction[,]" rendering the Court "unable to even begin the process of claim construction on this record"); *Millipore*, 2011 WL 5513193, at \*9–11 (finding failure to show likelihood of success on the merits because movant failed to offer terms for construction or attribute terms for construction, thus preventing the court from determining whether infringement occurred); *Fair Isaac Corp. v. Int'l Business Machs. Corp.*, No. 05-2081 (DWF/SRN), 2006 WL 1283852, at \*7 (D. Minn. May 9, 2006) ("The Court finds that in light of the incomplete claim construction and infringement analysis provided to the Court, Fair Isaac has not met its burden…."). *C.f. Koninklijke Philips Elecs. N.V. v. Seoul Semiconductor Co., Ltd.*, No. SACV 11-0356-AG(RNBx), 2011 WL 13228032, at \*3–4 (C.D. Cal. Nov. 14, 2011) (finding that the expert declaration supporting patentee's infringement claims contained "extensive analysis" of the accused products which allowed the court to proceed with an infringement analysis).

Godox also fails to sufficiently construe the terms using the '375 Patent's prosecution history. "Among the intrinsic evidence, the specification is always highly relevant to the claim construction analysis—it is the single best guide to the meaning of a disputed term, and is usually dispositive. In addition to the specification, the court will also consider the prosecution history." *Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter*, No. SACV 09-00951 DOC(ANx), 2011 WL 5554312, at \*8 (C.D. Cal. Nov. 14, 2011) (internal citations omitted).

While Godox's motion discusses prosecution history, it primarily does so in the context of prosecution history estoppel. Dkt. No. 24 at 17–20. In other words, it again skips the first step of infringement analysis (interpreting the claims to decide the scope and meaning) and proceeds directly to the second step (comparing the devices to determine infringement). Additionally, Godox's reference to the prosecution history is with regards to the *orientation* of the "fastening element" and the "lens element." *Id.* at 17 (arguing that Godox's product is distinguishable because the fastening element is "flush with" the lens surface, which is different from the '375

1    Patent).  Godox does not use prosecution history to explain the meaning of "lens element" or

2    "fastening element" or several other claim terms Godox contends are absent from its products.  *See*

3    *id.* at 17–20.

4         Second, Godox's sparse analysis of the patent specification and prosecution history also

5    severely hampers the Court's ability to proceed with the next infringement analysis step:

6    comparing Godox's products to the '375 Patent to determine if there is literal infringement or

7    infringement under the doctrine of equivalents.  While the Court may engage in rolling claim

8    interpretation in deciding a preliminary injunction motion, it "declines to undertake a *sua sponte*

9    analysis of the specification—without any direction from the parties—in order to construe the

10   claims[.]"  *Docusign*, 468 F. Supp. 2d at 1308.  As a result, at this juncture on this record, Godox

11   cannot show likelihood of success on its non-infringement claim.

12        "Likelihood of success on the merits is the most important factor; if a movant fails to meet

13   this threshold inquiry, we need not consider the other factors."  *Edge v. City of Everett*, 929 F.3d

14   657, 663 (9th Cir. 2019) (quoting *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018)).

15   Therefore, because Godox fails to show that it is likely to succeed on any claim asserted in its

16   complaint, the Court will end its analysis here.

17        4.  Invalidity is not properly before the Court for the purposes of the preliminary injunction
          motion.

18        In its reply brief, and at the hearing, Godox urged the Court to find that it was likely to

19   succeed on its claims based on the invalidity of the '375 Patent.  Dkt. No. 39 at 10–12.  While both

20   parties briefly discuss invalidity in the motion briefing, Godox did not plead an invalidity claim.

21   Dkt. No. 1.  Rather, the day before the hearing, Godox asserted an invalidity counter-counterclaim

22   against Profoto, but otherwise did not amend the complaint that provides the basis for its

23

24

1      preliminary injunction motion. Dkt. No. 43 at 36–37. Profoto has not yet filed a responsive

2      pleading to the invalidity counter-counterclaim.

3           At the hearing, Godox argued that the Court may nonetheless adjudicate its counter-

4      counterclaim for invalidity in deciding the preliminary injunction motion under *Medcursor Inc. v.*

5      *Shenzen KLM Internet Trading Co., LTD.*, 543 F. Supp. 3d 866 (C.D. Cal. Jun. 10, 2021). Dkt.

6      No. 51 at 5–6. The *Medcursor* court held that while a preliminary injunction may only be awarded

7      upon a clear showing of evidence that supports the *Winter* factors, "[t]his 'clear showing' requires

8      factual support beyond the allegations of the complaint, but the evidence need not strictly comply

9      with the Federal Rules of Evidence." 543 F. Supp. 3d at 870 (quoting *CI Games S.A. v. Destination*

10      *Films*, No. 2:16-cv-05719 SVW JC, 2016 WL 9185391, at *11 (C.D. Cal. Oct. 25, 2016)).

11           Godox misses the point. The question here is not whether the Court may consider factual

12      support that does not strictly comply with the Rules of Evidence. Rather, the Court's concern lies

13      in whether it may issue an injunction based on theories outside the scope of the operative

14      complaint, and not fully briefed in Godox's motion. Indeed, neither Godox's initial nor

15      supplemental proposed preliminary injunction orders include any finding of invalidity. Dkt. No.

16      24-1. Put differently, Godox asks the Court to effectively conclude that the accused products are

17      non-infringing based on patent invalidity that it did not allege. Godox does not offer—and the

18      Court is unaware of—any authority that permits the Court to issue an injunction based on

19      unpleaded claims. Indeed, the Court must "narrowly tailor[]" any injunctive relief to remedy the

20      specific harm alleged. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1142 (9th Cir. 2009). "An

21      overbroad injunction is an abuse of discretion." *Id.* at 1140.

22           Finally, even if Godox had pleaded and fully argued invalidity, because it fails to show bad

23      faith, its request for an injunction would still fail for the reasons set forth above. While Godox

24      may ultimately prevail on establishing invalidity of the '375 Patent and/or non-infringement, at

this juncture and on this record, it has not made a showing sufficient to warrant extraordinary preliminary injunctive relief.

## IV.   CONCLUSION

The Court DENIES without prejudice Godox's motion for preliminary injunction (Dkt. Nos. 24, 26) because Godox fails to show likelihood of success on the merits.


Dated this 31st day of July, 2025.


Kymberly K. Evanson
United States District Judge