UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GODOX PHOTO EQUIPMENT CO. LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> PROFOTO AKTIEBOLAG, <br><br> Defendant(s). | CASE NO. C25-0502-KKE <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STAY |

Plaintiff Godox Photo Equipment Co. Ltd. ("Godox") filed this patent case against Defendant Profoto Aktiebolag ("Profoto") seeking declaratory and related relief. In particular, Godox seeks a declaration that certain Godox photography and video lighting products do not infringe U.S. Patent No. 11,630,375 ("'375 Patent"). Godox now moves to stay the case pending the U.S. Patent and Trademark Office's ("PTO") reexamination of the '375 Patent. Dkt. No. 57. Courts often grant stays pending reexamination of a patent if the lawsuit is at an early stage, the PTO's decision would simplify the issues to be tried, and a stay would not unduly prejudice the non-moving party. Finding these factors favor a stay here, the Court will grant Godox's motion.

## I. BACKGROUND

The facts of this case are set forth more fully in the Court's order denying Godox's motion for preliminary injunction. Dkt. No. 52. This order recounts only the factual and procedural background relevant to the pending motion to stay.

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 1

Godox is a Chinese company that produces photography and video equipment. Dkt. No. 1 ¶¶ 1, 45. Profoto is a Swedish company that describes itself as "dominat[ing] the premium-flash segment of photographic lighting." Dkt. No. 37 ¶ 4. Profoto is the assignee and owner of the '375 Patent. Dkt. No. 1 ¶¶ 46–47.

The PTO issued the '375 Patent in April 2023. Dkt. No. 1-2. By that time, Profoto and Godox had been in a patent dispute since at least November 2019, when Profoto first sent Godox an infringement notice in China, alleging that certain Godox products infringed a Chinese counterpart to the '375 Patent. *See* Dkt. No. 7-3 ¶ 13. By early 2024, Godox began receiving reports from its U.S. distributors that Profoto had sent cease-and-desist letters warning them that Godox's products violated the '375 Patent. Dkt. No 7-2 ¶ 7.

In October 2024, Profoto first initiated an Amazon Patent Evaluation Express ("APEX") proceeding against a Godox distributor. Dkt. No. 7-3 ¶ 20. The APEX process allows participating patent owners to notify Amazon about listed products that potentially infringe on their patents, after which Amazon contacts the accused sellers and asks whether they would like to opt in or out of the APEX program. Dkt. No. 38 ¶ 16. If the seller opts out, then the accused product listings (identified by Amazon Standard Identification Numbers, known as "ASINs") are removed. *Id.* If the seller opts in, the challenged ASINs remain on Amazon's storefront unless Amazon's neutral evaluator finds likely infringement. *Id.* ¶¶ 16–17. Several Godox distributors opted into the APEX proceeding, and Amazon's evaluator began reviewing the accused products for infringement of the '375 Patent. Dkt. No. 37 ¶ 8.

Amazon's neutral evaluator concluded Profoto "is likely to be able to prove that [certain Godox products listed on Amazon] fall within the scope of [the '375 Patent]." Dkt. No. 37-5 at 2 (identifying 17 ASINs). Accordingly, those ASINs were removed from Amazon's storefront. *Id.* Profoto then submitted two additional APEX requests alleging infringement of the '375 Patent by

other Godox products, but Amazon decided to pause those proceedings pending resolution of this litigation. Dkt. No. 37 ¶ 16, Dkt. No. 37-8 at 2.

In November 2024, an anonymous third party requested an *ex parte* reexamination of the '375 Patent, and the PTO granted the request. Dkt. No. 7-13 at 3. *Ex parte* reexamination is a process involving the PTO and patent holder in which the PTO reexamines the validity of a patent that has been called into question. 35 U.S.C. §§ 301–307. At the reexamination's conclusion, the PTO will cancel invalid patent claims, confirm valid claims, or issue amended claims to cure invalidity. 35 U.S.C. § 307.

Godox sued Profoto in March 2025, seeking a declaration of non-infringement of the '375 Patent and alleging tortious interference with prospective business expectancy under Washington law. Dkt. No. 1. Godox moved for a temporary restraining order ("TRO") requiring Profoto to retract its infringement notices to Godox's distributors and enjoining it from sending any more notices. Dkt. No. 7. After Profoto responded, the Court denied the motion. Dkt. No. 13.

Godox then moved for a preliminary injunction seeking substantially the same relief. Dkt. No. 26. Before the Court issued its decision on the motion, Profoto filed an answer to the complaint and asserted counterclaims alleging that Godox's products directly and indirectly infringe the '375 Patent. Dkt. No. 35 at 13–26. Godox answered Profoto's counterclaims and asserted two counter-counterclaims, seeking declarations of unenforceability and invalidity of the '375 Patent. Dkt. No. 43 at 30–37. Following supplemental briefing and a hearing, the Court denied Godox's motion for preliminary injunction. Dkt. Nos. 45, 46, 48, 50, 52.

In June 2025, the PTO issued a non-final decision in the reexamination rejecting all claims of the '375 Patent as anticipated and obvious in light of "prior art"—i.e., existing knowledge at the time the patent was issued. Dkt. No. 40-1 at 4, 6–8, 16–37; *Art*, Black's Law Dictionary (12th

ed. 2024). In September 2025, to overcome the prior art, Profoto filed proposed amendments to all independent claims of the '375 Patent as well as eleven new dependent claims. Dkt. No. 57-6.

A few weeks later, Godox filed this motion to stay litigation pending the outcome of the reexamination. Dkt. No. 57. On November 25, 2025, while the motion to stay was pending, the PTO issued a Final Office Action rejecting all claims of the '375 Patent.[1] Dkt. No. 63-1 at 40. A final office action does not effectively cancel the patent at issue but, instead, raises validity problems initially identified in a nonfinal office action for a final time.[2] Profoto states that it has several options for responding to the rejection decision, including "providing a response to the final Office action," "seeking an examiner interview," and "filing an appeal to the Patent Trial and Appeal Board." Dkt. 65 at 5; *see also* 35 U.S.C. § 134; 37 C.F.R. § 41.31. Profoto must respond to the Final Office Action within two months, which may be extended for two additional months or, if supported by sufficient cause, even longer. Dkt. No. 63-1 at 37.

In its motion to stay, Godox contends that Profoto's decision to amend all independent claims of the patent makes it unlikely "the claims identified in the Complaint will ultimately be litigated in their current form[.]" Dkt. No. 57 at 5. Profoto opposes the motion, contending a stay would cause undue prejudice without simplifying the issues in the litigation (Dkt. No. 60 at 6), and instead proposes an extension of the current claim construction deadlines "by at least 60 days" (Dkt. No 65 at 5). Godox filed a reply. Dkt. No. 62. Following the PTO's Final Office Action, the parties also filed a joint status report presenting their positions on the impact of the final rejection decision on both the stay motion and the litigation as a whole. Dkt. No. 65. Neither party has requested oral argument, and Godox's motion to stay is now ripe for consideration.

---

[1] Godox moved for leave to supplement the record with the PTO's Final Office Action (Dkt. No. 63) and Profoto does not oppose the motion (Dkt. No. 66). Given that the PTO issued its decision after Godox filed its motion to stay, the Court finds good cause to supplement the record and will grant Godox's motion to supplement.

[2] *Responding to office actions*, U.S. PAT. & TRADEMARK OFF., https://www.uspto.gov/trademarks/maintain/responding-office-actions (last visited Dec. 16, 2025).

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 4

## II. DISCUSSION

### A. Legal Standard

The Court's inherent power to control its docket includes the authority to stay litigation pending the outcome of a reexamination proceeding. *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). Such a stay is not mandatory, however. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). The decision to grant or deny a stay "rests with the sound discretion of the court." *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

In deciding whether to stay a patent case in view of a reexamination, courts generally consider three factors: (1) "whether a stay will simplify the issues in question"; (2) "the stage of litigation, i.e. whether discovery is complete and whether a trial date has been set"; and (3) "whether a stay would unduly prejudice the non-moving party." *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, No. 2:12-CV-00840, 2012 WL 3527938, at *1 (W.D. Wash. Aug. 14, 2012). The Court addresses each of these factors below.

### B. Simplification

Godox contends that a stay would simplify the issues by avoiding wasteful efforts litigating the scope and validity of patent claims that are likely to be cancelled or amended. Dkt. No. 57 at 8–10. According to Godox, cancellation or amendment is likely because, rather than standing on the validity of the '375 Patent, Profoto has proposed claim amendments to overcome the prior art at issue in the reexamination. *Id.* Godox further contends that the PTO's final rejection makes it even less likely the '375 Patent will emerge from the reexamination in its current, unamended form. Dkt. No. 65 at 2–5. Staying litigation until the PTO determines what form the '375 Patent will take avoids duplicative efforts and gives the Court the benefit of the PTO's expertise. Dkt. No. 57 at 8–10.

The Court agrees that a stay would simplify the issues in this case. Courts in this district have typically found this factor favors a stay when the reexamination proceeding implicates all claims in the patent at issue. *See, e.g., Polaris PowerLED Techs., LLC v. Nintendo Co.*, No. C22-0386JLR, 2023 WL 12134477, at *2–3 (W.D. Wash. Jan. 31, 2023) (finding simplification favored a stay where "all of the claims … at issue in this litigation are subject to the USPTO's pending" reexamination); *Implicit Networks, Inc. v. Adv. Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at *2 (W.D. Wash. Feb. 9, 2009) (same). This makes sense because, unless a patent claim emerges from reexamination "in identical form," it becomes unenforceable at least as to acts predating the final reexamination decision. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Thus, staying the case avoids expending resources litigating the validity and scope of patent claims that may be amended or cancelled while also providing the court and the parties "with the benefit of the USPTO's expert analysis[.]" *Implicit Networks, Inc.*, 2009 WL 357902, at *2.

Given Profoto's proposal to amend the '375 Patent's claims and the PTO's final action rejecting the claims nonetheless, there is a substantial likelihood the PTO will ultimately modify the '375 Patent, at least to some extent. *See SenoRx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *4 (D. Del. Jan. 11, 2013) (finding "a significant statistical chance that one or more of [the patent's] claims [would] be cancelled" or "modified" in reexamination where "nearly all of the asserted claims [were] … subject to a non-final rejection"). Moving forward with this case despite the reexamination would likely "render some of the parties' and the Court's resources wasted (if, for example, the Court construes certain claim terms that are subsequently eliminated or altered via the reexamination process)." *Id.* Awaiting the results of the reexamination would eliminate, clarify, or limit the claims at issue and—if any claims survive reexamination—would "provid[e] the district court with the expert view of the PTO[.]" *Gould v.*

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 6

*Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

Profoto resists this conclusion, contending the benefits of a stay would be small for several reasons. For instance, it argues a stay would not lessen the burdens of litigation because Profoto expects the PTO to "imminently" issue a new patent, U.S. Application No. 18/301,587 (the "'587 Patent"), at which time Profoto will amend its counterclaims "to allege infringement by the same Godox products already accused of infringing the '375 Patent." Dkt. No. 60 at 9. Profoto's forthcoming '587 Patent, however, does not currently exist, so the Court has no way to assess its impact on this litigation. Profoto cites decisions in which courts have denied stays because the pending reexamination would "not resolve all issues in the litigation[.]" Dkt. No. 60 at 9; *see Nat'l Prods. v. Innovative Intelligent Prods., LLC*, No. 2:20-CV-00428-RAJ, 2021 WL 2636101, at *2 (W.D. Wash. June 25, 2021) (holding that stay would not simplify issues where "only three of the four patents in dispute [were] involved in" the reexamination); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005) (same where reexamination only concerned one of several patents at issue). But none involved yet-to-be-issued patents. While Profoto could move to lift the stay if the PTO issues the new '587 Patent, the Court will not deny a stay based on an unissued patent.

Next, Profoto contends the reexamination will not affect Godox's claim for tortious interference with prospective business expectancy (Dkt. No. 1 at 16–17) or Godox's affirmative defense of inequitable conduct (Dkt. No. 43 at 24, 30–36). Dkt. No. 60 at 10. Neither issue warrants proceeding with litigation despite the reexamination. Indeed, both issues are tertiary to the principal dispute in this case: whether Godox's products infringe the '375 Patent and whether that patent is invalid. And, in any event, both are intertwined with issues in the reexamination.

The tortious interference claim, for instance, turns, in part, on whether Profoto's cease-and-desist letters to Godox distributors were "objectively baseless[.]" *Globetrotter Software, Inc.*

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 7

*v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004). That, in turn, depends on whether the '375 Patent was "obviously invalid or plainly not infringed" (*id.* at 1375)—issues on which the reexamination will shed light. The reexamination is also relevant to inequitable conduct, which "is an equitable defense to patent infringement that, if proved, bars enforcement of [the] patent." *Therasense Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). To prove the defense, Godox will need to show that Profoto deliberately withheld "a known material reference" (i.e., prior art) from the PTO during the patent prosecution. *Id.* at 1290; *see also* Dkt. No. 43 ¶ 139 (alleging Profoto and others "intentionally withheld" a prior reference despite its "clear relevance and materiality"). A prior reference is "material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense Inc.*, 649 F.3d at 1291. At minimum, the reexamination will be probative of materiality because the PTO is currently considering the very reference Godox claims Profoto withheld. *See* Dkt. No. 43 ¶¶ 91, 139 (alleging Profoto failed to disclose "Chen" reference); Dkt. No. 57-4 at 4 (identifying "Chen" as "prior art discussed" in reexamination interview).

Finally, Profoto contends that its proposed amendments to the '375 Patent were "minimal" such that, if adopted by the PTO, the impact on this case would be small. Dkt. No. 60 at 10. But even a small amendment could have significant effects on this case. "Unless a claim granted or confirmed upon reexamination is *identical* to an original claim, the patent [cannot] be enforced against infringing activity that occurred before issuance of the reexamination certificate." *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (emphasis added) (citing 35 U.S.C. § 252). And while seemingly modest, Profoto apparently drafted its amendments to avoid prior art identified by the PTO as possibly problematic to the '375 Patent's validity. *See* Dkt. No. 57-4 at 5 (summarizing amendments and stating PTO examiner "agreed [such] amendments … would overcome the current rejections based on" prior art). Where the original claim is "amended

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 8

to cure invalidity, the patentee's cause of action [for infringement based on pre-amendment acts] is extinguished and the suit fails." *Fresenius USA, Inc.*, 721 F.3d at 1340; *see also R+L Carriers, Inc. v. Qualcomm, Inc.*, 801 F.3d 1346, 1350 (Fed. Cir. 2015) ("[I]n determining whether an amended claim is narrower, we determine whether there is any product or process that would infringe the original claim, but not infringe the amended claim."). Even if Profoto's amendments are indeed minor, the "reexamination will have a significant impact on the issues in this case, regardless of the outcome."[3] *Polaris PowerLED Techs.*, 2023 WL 12134477, at *3.

Accordingly, the simplification factor weighs in favor of a stay.

**C.    Stage of Litigation**

Godox contends that this factor also favors a stay because the Court has not set dates for a trial or *Markman* hearing and the parties have yet to propound written discovery, notice depositions, or produce records beyond certain core technical documents. Dkt. No. 57 at 10–11. Profoto counters that the case "has sufficiently advanced to weigh slightly against a stay," pointing to Profoto's preparation of infringement contentions and the parties' briefing on Godox's TRO and preliminary injunction motions. Dkt. No. 60 at 12. The Court finds Godox has the better argument.

The Federal Circuit has found "the timing factor [to] strongly favor[] a stay" at similar, if not later, stages of litigation. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1373–74 (Fed. Cir. 2014), *vacated on other grounds*, 780 F.3d 1134 (Fed. Cir. 2015). In *Versata Software*, for instance, "discovery was still ongoing" although "many documents and discovery requests had been exchanged[,]" the parties had not deposed witnesses or filed expert reports, and the *Markman* hearing and trial were still two years away. *Id.*

---

[3] Moreover, the PTO's Final Office Action rejecting Profoto's proposed amendments suggests that the reexamination may result in more substantial changes to the '375 Patent. Dkt. No. 63-1 at 8–36.

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 9

Here, the parties have not noticed depositions, filed claim construction briefs, or engaged in any discovery beyond initial exchanges. The *Markman* hearing and trial have not been scheduled. As in *Versata Software*, the most burdensome and costly stages lie ahead. Many other courts have found the timing factor to favor a stay under similar circumstances. *See, e.g., Polaris PowerLED Techs.*, 2023 WL 12134477, at *4 (timing favored a stay where the parties had "engaged in limited discovery" and had not noticed depositions or filed claim construction briefs); *WAG Acquisition, LLC v. Flying Crocodile, Inc.*, No. 2:19-CV-1278-BJR, 2021 WL 6693829, at *3 (W.D. Wash. Dec. 28, 2021) (same where parties had completed "fact discovery related to liability" but not as to damages and had not "conducted expert discovery"). Although the parties have briefed TRO and preliminary injunction motions, the case is still in its infancy. *Ceiva Logic Inc. v. Frame Media Inc.*, No. SACV-08-00636-JVS, 2009 WL 7844245, at *2 (C.D. Cal. June 9, 2009) (finding case to be "at an early stage of development" notwithstanding preliminary injunction motion), *aff'd*, 374 F. App'x 959 (Fed. Cir. 2010); *Medicis Pharm. Corp. v. Upsher-Smith Lab'ys, Inc.*, 486 F. Supp. 2d 990, 994 (D. Ariz. 2007) (same).

Accordingly, the timing factor weighs also in favor of a stay.

**D.    Prejudice**

Profoto contends that a stay would cause undue prejudice and put it at a tactical disadvantage. First, it claims that, despite knowing about the reexamination all along, "Godox strategically chose to" seek a stay only after the Court denied its TRO and preliminary injunction motions, thus rejecting Godox's "early attempts to prevail[.]" Dkt. No. 60 at 13. Protofo is correct that the reexamination was underway when Godox filed this case. But the timing of Godox's motion does not suggest gamesmanship. When Godox sued, it was not clear that the scope of the '375 Patent was likely to change as a result of the reexamination. The PTO had not yet rejected any of the '375 Patent's claims. Dkt. No. 40-1 at 4. And Profoto did not submit proposed claim

amendments until September 2025. Dkt. Nos. 57-1 ¶ 6, 57-6. Once that happened, Godox promptly moved to stay just weeks later.

Profoto also claims that a stay would be unduly prejudicial because "the parties are direct competitors[.]" Dkt. No. 60 at 13. According to Profoto, "delaying the resolution of [its] infringement [counter-]claims" would harm Profoto's reputation and customer goodwill by enabling Godox to continue selling infringing products while the case is stayed. *Id.* at 13–14. Indeed, courts have held that "[w]here the parties are direct competitors, a stay would likely prejudice the non-movant." *Ceiva Logic Inc.*, 2009 WL 7844245, at *3 (quoting *Tesco Corp. v. Weatherford Int'l, Inc.*, 2009 WL 529212, * 3 (S.D. Tex. 2009)). This is because continued infringement during litigation can alter the market for a product, making it difficult or impossible to remedy the intrusion on the patent holder's exclusive position. *See Polymer Techs, Inc. v. Bridwell*, 103 F.3d 970, 975–76 (Fed. Cir. 1996) ("Years after infringement has begun, it may be impossible to restore a patentee's … exclusive position by an award of damages and a permanent injunction.").

The circumstances of this case, however, diminish this concern somewhat. First, Profoto or its distributors have successfully removed some allegedly infringing products from Amazon via the APEX proceedings. *See* Dkt. No. 37-5 at 2–11. Those products are thus already unable to compete with Profoto products on that platform. Second, Profoto does not dispute Godox's claim that the cease-and-desist letters have caused many distributors to stop selling the allegedly infringing Godox products. *See* Dkt. No. 7-2 ¶ 8–9. Indeed, Godox states that "more than 100" of its "product listings ha[ve] been taken down and remain[] delisted across numerous independent resellers" and that the cease-and-desist letters have impacted "more than 70% of [Godox's] entire distribution network on Amazon[.]" *Id.* Because the Court denied Godox's TRO and preliminary injunction motions, Profoto remains free to continue notifying distributors of its infringement

ORDER GRANTING PLAINTIFF'S MOTION TO STAY - 11

allegations against Godox products. Finally, Profoto initially anticipated the reexamination would "conclude around the end of 2025[.]" Dkt. No. 60 at 11. And while that timeframe now appears unlikely, Profoto states that a limited 60-day extension of case deadlines will give the Court "the benefit of a complete intrinsic record from the reexamination"—indicating Profoto still understands the reexamination will conclude relatively soon. Dkt. No. 65 at 6. A stay of proceedings pending that conclusion, however, is preferable to a 60-day extension of deadlines that may simply have to be re-extended again depending on the course of the reexamination. While Profoto may suffer some small amount of prejudice for a short time, the prejudice does not outweigh the benefits of awaiting the reexamination outcome Profoto understands to be near at hand.

Because all three factors favor a stay, the Court will grant Godox's motion.

### III.  CONCLUSION

Accordingly, the Court GRANTS Godox's motion to stay (Dkt. No. 57). All deadlines in the Court's scheduling order (Dkt. No. 42) except the deadline for Plaintiff's Response to Defendant's Answer and Counterclaims are VACATED pending the PTO's reexamination of the '375 Patent. The parties shall file a joint status report no later than 14 days after the conclusion of the reexamination informing the Court of the outcome and proposing an amended case schedule.

The Court further GRANTS Godox's motion for leave to supplement the record (Dkt. No. 63), and DENIES Godox's request for a protective order (Dkt. No. 57 at 12–13) as moot.

Dated this 22nd day of December, 2025.

Kymberly K. Evanson
United States District Judge