UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GODOX PHOTO EQUIPMENT CO. LTD.,<br>Plaintiff(s),<br>v.<br>PROFOTO AKTIEBOLAG,<br>Defendant(s). | CASE NO. C25-0502-KKE<br>ORDER LIFTING STAY |

This matter comes before the Court on the parties' Joint Status Report ("JSR"). Dkt. No. 68. On December 22, 2025, the Court granted Plaintiff Godox Photo Equipment Co. Ltd.'s ("Godox") motion to stay the case pending the U.S. Patent and Trademark Office's ("PTO") reexamination of the patent at issue in this case, U.S. Patent No. 11,630,375 ("'375 Patent"). Dkt. No. 67. Now, the parties' JSR informs the Court that the PTO reexamination concluded on September 1, 2026, with the PTO issuing an Ex Parte Reexamination Certificate that confirmed the patentability of claims 1 to 9 and 11 to 24 and canceled claim 10 of the '375 Patent. Dkt. No. 68 at 2. Because the PTO reexamination has concluded, the parties request that the Court lift the stay and enter an amended case schedule.

The parties dispute Godox's proposed amendment of the complaint once the stay is lifted. *Id.* at 2–4. According to Defendant Profoto Aktiebolag ("Profoto"), Godox has advised Profoto that it seeks to amend its complaint to allege infringement of a Godox patent and bad faith. *Id.* at

2–3. To the extent that Godox seeks to amend its complaint to add these allegations, rather than amending based on the outcome of the ex parte reexamination and resulting amendments to the '375 Patent, Profoto opposes Godox's amendment of its complaint. *Id.* Godox contends that its proposed amendments "are unrelated to the issues that should be addressed when the stay is lifted" and that "[l]eave to amend should be freely given when justice so requires." *Id.* at 3 (citing Fed. R. Civ. P. 15(a)(2)).

Federal Rule of Civil Procedure 15 provides that where, as here, amendment "as a matter of course" is foreclosed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). To do so, the party must either request leave to amend from the Court by written motion or file a joint notice memorializing the parties' consent to the amendment. Local Rules W.D. Wash. LCR 15; *see* LCR 7(a); Fed. R. Civ. P. 7(a). Here, the parties' JSR constitutes neither. Thus, the issue of Godox's proposed amended complaint is not properly before the Court. Moreover, the parties' representations about the Godox's "proposed amendments" suggest that they are not clear as to the substance of such amendments.

As the PTO reexamination has concluded, the Court will grant the parties' request to lift the stay on this case. However, in light of the parties' dispute over the possible amendment of Godox's complaint, the Court finds that judicial economy will be served by deferring entry of an amended case schedule pending resolution of the dispute through the proper process for amending a pleading. *See* Fed. R. Civ. P. 7(a), 15(a)(2); LCR 7(a), 15.

Accordingly, the Court ORDERS that the stay is lifted. The Court further ORDERS that, no later than 14 days after entry of this order, Godox shall file either: (a) a motion for leave to amend its complaint or a joint notice memorializing the parties' consent to the amended complaint that conforms with the applicable federal and local rules of civil procedure; (b) notice that Godox intends to proceed on its original complaint (Dkt. No. 1); or (c) a motion to extend this deadline.

If Godox files a motion for leave to amend its complaint, Profoto shall file its opposition no later than 15 days after the filing date of the motion, and Godox shall file its reply no later than 21 days after the filing date of the motion.

Dated this 6th day of November, 2026.

Kymberly K. Evanson
United States District Judge